**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| MICHAEL BAHAS         )<br>                              )<br>         Plaintiff,     )<br>                              )<br>  vs.                        )<br>                              )<br>LAW OFFICES OF ED OVERCASH,  )<br>LLC                         )<br>                              )<br>         Defendant.   )<br>_____) | CIVIL ACTION NO.<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

**NATURE OF ACTION**

1.      This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.      Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, (where Plaintiff resides in this district), and/or where Defendant transacts business in this district.

**PARTIES**

4.      Plaintiff, Michael Bahas ("Plaintiff"), is a natural person who at all relevant times resided in the State of South Carolina, County of Greenville, and City of Greenville.

1

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Law Offices of Ed Overcash, LLC ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. In connection with collection of an alleged debt in default, Defendant called Plaintiff's residential telephone on or about May 20, 2011, and at

such time, Defendant's agent and/or employee "Rex Ball," informed Plaintiff that he was an attorney.

12. Plaintiff challenged Mr. Ball's status as an attorney and Mr. Ball eventually admitted that he was not an attorney.

13. Referencing his earlier assertion of being an attorney, Mr. Ball stated, "No, I'm just joking, but it's how we get people on the phone to talk to us."

14. Plaintiff received a Summons on or about August 11, 2011, and at such time, Plaintiff called Defendant and spoke with Defendant's agent and/or employee "Daniel."

15. Daniel informed Plaintiff that there would be no mediation of the case, that there was no date scheduled requiring Plaintiff's appearance, that Defendant was pursuing a default judgment, and the Summons was sent "just to dot the I's and cross the T's."

16. Defendant called Plaintiff's cellular telephone on August 16, 2011 at 7:57 P.M., and at such time, left the following voicemail message:

> "Hi, Michael. This is Rex Ball, calling you from the law office here in Greenville. Time sensitive that you return the call. This go ahead and deserve your prompt attention to be addressed to 864-298-1139. 864-298-1139. Michael, please take the time out of your day, on the receipt of this message, to return the phone call. Thank you so much."

17. In its voicemail message of August 16, 2011, Defendant failed to disclose its true corporate and/or business name.

3

18. In its voicemail message of August 16, 2011, Defendant further failed to notify Plaintiff that the communication was from a debt collector.

19. Defendant's August 16, 2011 voicemail communication was intended to convey a false sense of urgency for the purpose of compelling Plaintiff to communicate with a debt collector.

20. In connection with the collection of Plaintiff's alleged debt, Defendant's agent and/or employee "Rex Ball" called Plaintiff on or about August 18, 2011, and at such time the following voicemail message:

> "Hi Michael this is an important matter for you that requires your attention, your prompt attention to be addresses in the law office speak with me, Rex Ball, a direct office line, 864-298-1139, 864-298-1139 Michael when you receive this message please take the time out of your day to return the phone call. Thank you."

21. In its voicemail message of August 18, 2011, Defendant failed to disclose its true corporate and/or business name.

22. In its voicemail message of August 18, 2011, Defendant further failed to notify Plaintiff that the communication was from a debt collector.

23. Defendant's August 18, 2011 voicemail communication was intended to convey a false sense of urgency for the purpose of compelling Plaintiff to communicate with a debt collector.

24. Defendant's actions constitute conduct highly offensive to a reasonable person.

4

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692d(6)

25. Plaintiff repeats and re-alleges each and every allegation contained above.

26. Defendant violated 15 U.S.C. § 1692d(6) by failing to disclose Defendant's true corporate and/or business name in a telephone call to Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d(6);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(3)

27. Plaintiff repeats and re-alleges each and every allegation contained above.

28. Defendant violated 15 U.S.C. § 1692e(3) by falsely representing that an individual, Defendant's agent and/or employee "Rex Ball," is an attorney.

5

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(3);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(10)

29. Plaintiff repeats and re-alleges each and every allegation contained above.

30. Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692e(11)

31.    Plaintiff repeats and re-alleges each and every allegation contained above.

32.    Defendant violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

33. Plaintiff is entitled to and hereby demands a trial by jury.

DATED this 8th day of December, 2011.

Respectfully submitted,

/s/ Holly E. Dowd
Holly E. Dowd (S.C. Bar No. 77897)
Weisberg & Meyers, LLC
409A Wakefield Dr.
Charlotte, NC 28209
(888) 595-9111 ext. 260
(866) 565-1327 (fax)
hdowd@attorneysforconsumers.com

ATTORNEYS FOR PLAINTIFF

*Please send correspondence to the address below*

Holly E. Dowd
***Weisberg & Meyers, LLC***
5025 N. Central Ave. #602
Phoenix, AZ 85012